UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-80011-CIV-COHN/SELTZER

VICTOR GRAHAM,

    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,

    Defendant.
_____/

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss Complaint with Prejudice [DE 10] ("Motion"). The Court has carefully reviewed the Motion, as well as Plaintiff's Response [DE 13] and Defendant's Reply [DE 17], and is otherwise fully advised in the premises.

**I.    Background**

On November 12, 2015, Plaintiff Victor Graham filed this action against Defendant Ocwen Loan Servicing, LLC, in Florida county court. See DE 1 at 12-20 (Compl.). Plaintiff alleges that Defendant, the servicer of Plaintiff's mortgage loan, violated provisions of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e), and a related implementing regulation, 12 C.F.R. § 1024.36. Specifically, Plaintiff claims that Defendant inadequately responded to his qualified written request ("QWR") for information about his loan.[1] See DE 1 at 18-20 (Sept. 17, 2015, letter from

---

[1] For purposes of this case, a QWR is "a written correspondence" that (1) "includes, or otherwise enables the servicer to identify, the name and account of the borrower"; and (2) "provides sufficient detail to the servicer regarding . . . information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B).

Plaintiff's counsel to Defendant).[2]  Plaintiff seeks "actual damages in the amount of $4.70 for certified postage for mailing the [QWR] along with other related costs including attorney's fees associated with the review of Defendant's insufficient response."  Id. at 15, ¶ 20.

On January 4, 2016, Defendant removed the action to this Court based on federal-question jurisdiction.  See DE 1 at 1-4 (Notice of Removal).  A week later, Defendant filed its present Motion, requesting dismissal of the Complaint for failure to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  Defendant's Motion raises four arguments:  (1) Plaintiff has not alleged how Defendant's response to the QWR was insufficient, (2) Plaintiff has pleaded no facts showing that he suffered actual damages as a result of the claimed RESPA violation, (3) Plaintiff has not alleged that the QWR was sent to Defendant's designated address for customer inquiries, and (4) Plaintiff has failed to plead that he satisfied a contractual condition precedent to filing this lawsuit.  See DE 10.  Plaintiff has filed a Response opposing the Motion and contesting each of Defendant's arguments for dismissal.  See DE 13.  Defendant has filed a Reply in further support of the Motion.  See DE 17.

II.    Discussion

    A.    **General Legal Standards**

        1.    **Motion to Dismiss**

To withstand a Rule 12(b)(6) dismissal motion, a complaint must contain factual allegations that are "enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The complaint therefore must

---

[2]  "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."  Fed. R. Civ. P. 10(c).

2

plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration, citations & internal quotation marks omitted).

At this stage of the case, a court must accept the facts alleged in the complaint as true and draw all reasonable inferences from those facts in the plaintiff's favor. See Twombly, 550 U.S. at 555-56. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove the necessary facts. See id. Nonetheless, the court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

### 2. RESPA

"RESPA prescribes certain actions to be followed by entities or persons responsible for servicing federally related mortgage loans, including responding to borrower inquires." McLean v. GMAC Mortg. Corp., 398 F. App'x 467, 471 (11th Cir. 2010) (per curiam) (citing 12 U.S.C. § 2605). To state a RESPA claim for failure to respond to a QWR, a plaintiff must allege that "(1) the defendant is a loan servicer under the statute; (2) the plaintiff sent a [QWR] consistent with the requirements of the statute; (3) the defendant failed to respond adequately within the statutorily required

days; and (4) the plaintiff has suffered actual or statutory damages." Correa v. BAC Home Loans Servicing LP, No. 6:11-cv-1197-Orl-22DAB, 2012 WL 1176701, at *6 (M.D. Fla. Apr. 9, 2012) (citing Frazile v. EMC Mortg. Corp., 382 F. App'x 833, 836 (11th Cir. 2010) (per curiam); Williams v. Am.'s Servicing Co., No. 2:09-cv-755-FtM-29DNF, 2011 WL 1060652, at *2 (M.D. Fla. Mar. 22, 2011)).

Here, Defendant's Motion does not contest the first two elements. Rather, as noted above, Defendant asserts that Plaintiff has not plausibly alleged the third and fourth elements. Defendant also maintains that two other pleading issues, regarding its designated address and a condition precedent to filing suit, warrant dismissal. The Court will address each of these arguments in turn.

### B.  Analysis of Defendant's Motion

#### 1.  Defects in QWR Response

Defendant first contends that Plaintiff has not alleged how Defendant's response to the QWR was inadequate under RESPA. As pertinent here, RESPA imposes the following requirements on a loan servicer that receives a QWR:

> Not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any [QWR] and, if applicable, before taking any action with respect to the inquiry of the borrower, the servicer shall—
>
> . . . .
>
> (C)  after conducting an investigation, provide the borrower with a written explanation or clarification that includes—
>
> > (i)   information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and
> >
> > (ii)  the name and telephone number of an individual employed

> by, or the office or department of, the servicer who can
> provide assistance to the borrower.

12 U.S.C. § 2605(e)(2)(C).

In the QWR, Plaintiff's counsel requested several categories of information about Plaintiff's mortgage loan. See DE 1 at 19-20. Plaintiff's Complaint alleges that "[w]hile Defendant did provide Plaintiff with a written response to the [QWR], said response failed to address the areas of concern set forth in the [QWR]." DE 1 at 14, ¶ 13. But the latter part of this allegation is vague and conclusory. It does not plausibly explain how the response was deficient—for example, which categories of requested information the response failed to address, either in whole or in part. And nowhere else in the Complaint does Plaintiff plead additional facts revealing how Defendant's response was inadequate. Instead, Plaintiff merely describes the response as "insufficient." Id. at 15, ¶ 20; see id. at 14, ¶ 17.[3] Plaintiff therefore has not stated a valid claim with respect to the inadequate-response element of his RESPA claim. See Thomason v. OneWest Bank, FSB, 596 F. App'x 736, 740 (11th Cir. 2014) (per curiam) (holding that plaintiff's initial claim for failure to respond to QWR was properly dismissed because it "stated in a conclusory fashion that [defendant] failed to comply with RESPA's requirements, without providing any supporting facts"). Still, the Court will allow Plaintiff to file an Amended Complaint that identifies the facts plausibly supporting this element of his claim. See id.[4]

---

[3] The Court further notes that although Plaintiff attached the QWR to his Complaint, he did not attach Defendant's response.

[4] Plaintiff points out, and the Court recognizes, that he originally filed this case in Florida county court, where actions are subject to less stringent pleading requirements. But now that the case has been removed, the Federal Rules of Civil Procedure apply, and the Court may order Plaintiff to replead his Complaint. See Fed. R. Civ. P. 81(c).

### 2. Actual Damages

Defendant further contends that Plaintiff has pleaded no facts showing that he sustained actual damages as a result of the alleged RESPA violation.  See Miranda v. Ocwen Loan Servicing, LLC, Case No. 15-61434-CIV-COHN/SELTZER, 2015 WL 7767209, at *4 (S.D. Fla. Dec. 2, 2015) ("A RESPA claim requires damages." (citing Frazile, 382 F. App'x at 836)).[5]  When a loan servicer fails to comply with the relevant provisions of RESPA, an individual borrower may recover "any actual damages to the borrower as a result of the failure."  12 U.S.C. § 2605(f)(1)(A).  Based on the language of this statute, a plaintiff must allege "a causal link between the financing institution's violation and [the plaintiff's] injuries."  McLean, 398 F. App'x at 471.

Here, Plaintiff claims he is "entitled to actual damages as a result of Defendant's failure to comply with [RESPA], including but not limited to:  photocopying costs, postage costs, and reasonable attorney's fees incurred in connection with the [QWR]."  DE 1 at 15, ¶ 19 (citation omitted).  "Specifically," the Complaint explains, "Plaintiff has incurred actual damages in the amount of $4.70 for certified postage for mailing the [QWR] along with other related costs including attorney's fees associated with the review of Defendant's insufficient response."  Id. at 15, ¶ 20.[6]

The Court finds that some of Plaintiff's claimed damages are recoverable, while others are not.  Any expenses Plaintiff incurred **before** Defendant responded to his QWR—like copying and postage costs for sending the QWR—cannot be recovered,

---

[5] Plaintiff does not claim statutory damages under RESPA.  See 12 U.S.C. § 2605(f)(1)(B).

[6] Right after this sentence, Plaintiff includes the following phrase:  "Additional damages in an amount not yet ascertained, to be proven at trial."  Id.  The Court gives no weight to this language, as it fails to plead any identifiable form of actual damages.

6

as they were not sustained "as a result of" Defendant's alleged inadequate response. See 12 U.S.C. § 2605(f)(1)(A); Long v. Residential Credit Sols., Inc., No. 9:15-CV-80590, 2015 WL 4983507, at *1 (S.D. Fla. Aug. 21, 2015) ("[C]osts incurred while preparing a qualified written request for information from a servicer cannot serve as a basis for damages because, at the time those expenses are incurred, there has been no RESPA violation." (citing Steele v. Quantum Serv. Corp., 12-CV-2897, 2013 WL 3196544 (N.D. Tex. June 25, 2013)).  But Plaintiff may recover costs he expended **after** receiving Defendant's response, such as reasonable attorney's fees for reviewing the response and sending further correspondence.  See Miranda, 2015 WL 7767209, at *4 ("[A]lleged photocopying costs, postage costs, and reasonable attorney's fees incurred after an incomplete or insufficient response to a QWR are actionable under RESPA.").[7] Accordingly, in amending his Complaint, Plaintiff shall also limit his claimed actual damages to those sustained after he received Defendant's response to the QWR.

### 3. Designated Address

Defendant next asserts that Plaintiff's Complaint should be dismissed because it does not allege that his QWR was sent to Defendant's designated address for customer inquiries.  This argument is based on the following provision of 12 C.F.R. § 1024.36: "A servicer may, by written notice provided to a borrower, establish an address that a borrower must use to request information in accordance with the procedures in this section.  The notice shall include a statement that the borrower must use the established address to request information." 12 C.F.R. § 1024.36(b).  Since

---

[7] In the event he prevails, Plaintiff seeks reasonable attorney's fees and the costs of this action.  See DE 1 at 15, ¶ 21; 12 U.S.C. § 2605(f)(3).  The Court views this request, which is not at issue in the Motion, as separate from the fees and costs sought as actual damages.

7

Plaintiff fails to allege that the QWR was sent to the proper address, Defendant contends that "the crucial element that Defendant received the [QWR] at its designated address is not met." DE 10 at 7.

The Court finds this argument unpersuasive for at least two reasons. First, the parties do not dispute that Defendant received Plaintiff's QWR and responded to it, apparently in a timely manner. Only the content of Defendant's response is at issue. Second, Plaintiff's counsel concluded the QWR with the following request:

> In the event that the Request(s) for Information section of this correspondence has been sent to an address that differs from an exclusive address that you previously designated, and in accordance with Section 1024.36(b), please do one of the following: (1) direct the Request(s) for Information to the correct address; or (2) provide the undersigned with written notice, within five business days, specifying the designated address along with a copy of the original notice sent to the above-referenced client that established the exclusive address in accordance with Section 1024.36(b). Please forward all responses to this request directly to [Plaintiff's counsel's address].

DE 1 at 20.

Given these circumstances, the Court rejects Defendant's argument that the Complaint is subject to dismissal because it does not plead that the QWR was sent to Defendant's designated address. If Defendant believes that the QWR was never actually received at the correct address, then Defendant is free to raise that issue as a potential defense to Plaintiff's RESPA claim.

### 4. Condition Precedent

Last, Defendant maintains that the Complaint should be dismissed because Plaintiff has failed to allege that he satisfied a contractual condition precedent to filing suit against Defendant—namely, giving Defendant written notice of the defects in its

8

QWR response and the opportunity to correct those defects.  Cf. Fed. R. Civ. P. 9(c) ("In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed.").  According to Defendant, this condition precedent arises from the following language in the mortgage contract between Plaintiff and his lender:

> Neither Borrower nor Lender may commence, join, or be joined to any judicial action . . . that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party [in writing] . . . of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action.

DE 10 at 8 (alteration in original).

But especially when read in the light most favorable to Plaintiff, this notice-and-cure provision applies only to disputes between Plaintiff and his lender concerning acts relating to the mortgage contract.  The clause imposes no such obligations regarding disputes Plaintiff may have with Defendant, which services the loan secured by the mortgage.  And though Defendant claims to be the lender's agent "[f]or all intents and purposes," DE 17 at 9, this case arises from distinct statutory duties imposed on loan servicers.  See Wynkoop v. Wells Fargo Home Mortg., No. 11-60392-CV, 2011 WL 2078005, at *2 (S.D. Fla. May 26, 2011) (rejecting a similar argument and noting that "Plaintiff's RESPA claim arises from statute—it does not rely upon a duty imposed upon Defendant by the Mortgage").

### III.  Conclusion

For the reasons discussed herein, it is

9

**ORDERED AND ADJUDGED** as follows:

1. Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss Complaint with Prejudice [DE 10] is **GRANTED IN PART and DENIED IN PART**;

2. Plaintiff's Complaint [DE 1 at 12-20] is **DISMISSED WITHOUT PREJUDICE**;

3. By **May 3, 2016,** Plaintiff shall file an Amended Complaint in accordance with this Order; and

4. By **May 17, 2016,** Defendant shall respond to Plaintiff's Amended Complaint.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 19th day of April, 2016.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF